UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARGARET DOWLING ) | |
| ) | |
| Plaintiff ) | **COMPLAINT AND DEMAND FOR JURY** |
| ) | **TRIAL** |
| Vs. ) | **CIVIL ACTION NO.:** |
| ) | |
| UNITED STATES OF AMERICA ) | |
| And ) | |
| KEVIN J. DOWLING ) | |
| Defendants ) | |

## PARTIES

1. The plaintiff, MARGARET DOWLING ("Plaintiff" or "Ms. Dowling"), is an individual who resides in Naugatuck, New Haven County, Connecticut, and is a citizen of the United States.

2. The defendant, THE UNITED STATES OF AMERICA ("United States"), is a sovereign nation subject to suit under the Federal Tort Claims Act (FTCA), 28 USC §§ 1346(b), 1402(b), and 2671-2680.

3. The United States of America was the employer of National Park Service/Cape Cod National Seashore Ranger Eric J. Trudeau ("Mr. Trudeau") on or about August 6, 2020.

4. At the time of the alleged accident on August 6, 2020, Mr. Trudeau was acting within the course and scope of his employment with the United States of America.

5. The United States of America, through the National Park Service/Cape Cod National Seashore was also at all relevant times the owner of the 2012 Chevrolet vehicle involved in the accident on August 6, 2020 complained of below.

6. The defendant, KEVIN J. DOWLING ("Mr. Dowling"), is an individual who resides in Naugatuck, New Haven County, Connecticut, and is a citizen of the United States.

7. Presentment of the claims herein has been made to United States Department of the Interior, National Park Service, a duly constituted agency of the United States of America.

8. On November 15, 2022, the United States Department of the Interior, National Park Service, through the Division of General Law, Torts Practice Branch, denied the claims asserted herein triggering the plaintiff's ability to sue post presentment under the FTCA.

## JURISDICTION AND VENUE

9. This court has jurisdiction over this matter pursuant to Title 28 U.S.C. §§ 1346(b) and 2671-2680 (hereinafter the "Federal Tort Claims Act").

10. Venue is proper under 28 U.S.C. § 1402(b) as the wrongful, negligent and reckless conduct causing the Plaintiff's injuries occurred in the Commonwealth of Massachusetts.

11. The allegations against Defendant Kevin J. Dowling arise out of and form part of the same case or controversy under Article III of the United States Constitution as those against the United States of America such that supplemental jurisdiction under 28 U.S.C. 1367(a) is warranted.

## FACTS

12. On August 6, 2020, Margaret Dowling ("Plaintiff") was a passenger in a vehicle driven by Defendant Kevin J. Dowling, traveling southbound on Route 6 in Wellfleet, Massachusetts and following behind the vehicle owned by the United States of America through National Park Service/Cape Cod National Seashore and operated by United

States employee Eric J. Trudeau acting within the course and scope of his employment with the United States.

13. On August 6, 2020, and at all relevant times, Eric J. Trudeau was a federal employee employed as a Park Ranger by the United States Department of the Interior National Park Service/Cape Cod National Seashore and acting within the scope of his employment with the United States Department of the Interior National Park Service/Cape Cod National Seashore.

14. While traveling in front of the vehicle driven by Defendant Kevin J. Dowling, in which Plaintiff Margaret Dowling was a passenger, and acting within the scope of his employment with the United States Department of the Interior National Park Service/Cape Cod National Seashore, Mr. Trudeau pulled over to the right side of the road.

15. While Mr. Trudeau was pulled over to the right side of the road, Defendant Kevin J. Dowling, operating the vehicle in which Ms. Dowling was a passenger, negligently and recklessly attempted to overtake Mr. Trudeau on the left.

16. As Mr. Dowling overtook Mr. Trudeau's vehicle, Mr. Trudeau negligently and recklessly abruptly turned left in front of the vehicle operated by Mr. Dowling, causing a collision.

17. Ms. Dowling incurred shoulder, neck, and other injuries in the accident, requiring ongoing treatment. She has been diagnosed with, *inter alia*, a right sided supraspinatus tear of the shoulder. Future surgical intervention may include rotator cuff repair or reverse total shoulder replacement. She continues with limitations including limitations in strength. Future pain, suffering, and impairment are anticipated.

18. The actions of the United States of America, by way of Mr. Trudeau, were negligent, wrongful and in reckless disregard of the safety of Ms. Dowling. Federal employee Eric J. Trudeau's wrongful, negligent and reckless conduct in operating the National Park Service/Cape Cod National Seashore vehicle breached the duty of care to Ms. Dowling and caused Ms. Dowling's injuries.

19. The actions of Kevin J. Dowling in operating his vehicle were negligent, wrongful and in reckless disregard of the safety of Ms. Dowling. Kevin J. Dowling's wrongful, negligent and reckless conduct in operating the vehicle in which Ms. Dowling was a passenger breached his duty of care to Ms. Dowling and caused Ms. Dowling's injuries.

20. Ms. Dowling submitted a Claim for Damage, Injury or Death (Standard Form 95) to the United States Department of the Interior National Park Service on or about July 8, 2022, for personal injuries totaling a sum certain of $750,000.00.

21. By letter dated November 15, 2022, the Department of the Interior, Division of General Law, Torts Practice Branch denied the Plaintiff's claim.

22. The United States, if a private person, would be liable to Ms. Dowling for her injuries resulting from the August 6, 2020 accident in accordance with the law of the Commonwealth of Massachusetts, the place where the acts and omissions complained of occurred.

## COUNT I
## FEDERAL TORT CLAIMS ACT – MARGARET DOWLING v. UNITED STATES

23. Paragraphs 1 through 22 are incorporated herein by reference as though fully set forth.

24. The Defendant, the United States of America, and its employee Eric J. Trudeau, owed a duty of care to Margaret Dowling to operate the vehicle being driven by Mr. Trudeau at the time of the accident safely.

25. The Defendant, the United States of America, and its employee Eric J. Trudeau while acting in the course and scope of his employment with the United States of America, breached that duty by operating the National Park Service/Cape Cod National Seashore in a negligent, reckless and wrongful manner so as to cause the accident on August 6, 2020 resulting in Ms. Dowling's injuries.

26. As a result of the negligence, reckless conduct and other wrongful conduct of the employees of the defendant, Ms. Dowling suffered significant bodily injuries.  She has and will incur substantial medical expenses, experienced substantial physical and emotional suffering, and suffered other losses compensable at law.

27. The Plaintiff was at all times in the exercise of due care and free of all comparative negligence.

**WHEREFORE**, Margaret Dowling demands judgment against the United States of America in the amount of seven hundred fifty thousand dollars ($750,000.00) or any other relief deemed proper by the Court.

## COUNT II
## NEGLIGENCE – MARGARET DOWLING v. KEVIN J. DOWLING

28. Paragraphs 1 through 27 are incorporated herein by reference as though fully set forth.

29. The Defendant, Kevin J. Dowling, owed a duty of care to Margaret Dowling to operate the vehicle in which she was a passenger at the time of the accident safely.

30. The Defendant, Kevin J. Dowling, breached that duty by operating his vehicle in a negligent, reckless and wrongful manner so as to cause the accident on August 6, 2020 resulting in Ms. Dowling's injuries.

31. As a result of the negligence, reckless conduct and other wrongful conduct of the defendant Kevin J. Dowling, Ms. Dowling suffered significant bodily injuries. She has and will incur substantial medical expenses, experienced substantial physical and emotional suffering, and suffered other losses compensable at law.

32. The Plaintiff was at all times in the exercise of due care and free of all comparative negligence.

**WHEREFORE**, Margaret Dowling demands judgment in Plaintiff's favor for the injuries suffered as the result of this accident, together with interest, costs herein incurred, attorneys' fees and all relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a trial by jury as to all issues so triable.

/s/ Matthew J. Ilacqua

_____
Francis J. Lynch, III   BBO No. 308740
Peter E. Heppner        BBO No. 559504
Matthew J. Ilacqua      BBO No. 679981
LYNCH & LYNCH
45 Bristol Drive
South Easton, MA 02375
(508) 230-2500
pheppner@lynchlynch.com
milacqua@lynchlynch.com

Dated:  April 21, 2023